**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAFAEL PINEDA** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 04-330T** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. §2255**

I. INTRODUCTION

The Petitioner, Rafael Pineda (Pineda), also known as Rafael Fabian, files this petition pursuant to 28 U.S.C. §2255. In the petition, Pineda claims his attorney at the time of the entry of his plea and sentencing did not provide him with effective representation. Pineda specifically alleges that the attorney suffered from severe mental disabilities, provided Pineda with substandard legal advice, and was suspended from the practice of law by both the Rhode Island Supreme Court and the Massachusetts Supreme Judicial Court.

The government contends that Pineda's petition was filed out of time and that his substantive claims are without merit. Therefore, the petition may be decided on the pleadings and no hearing is required. The government requests that the motion be denied and dismissed.

3

## II. TRAVEL AND FACTS

On December 18, 1991, a federal grand jury in the District of Rhode Island returned a two-count indictment charging that on November 22, 1991, Pineda and a co-defendant conspired together to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. §846, and possessed cocaine with intent to distribute it, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C). Pineda subsequently appeared before the United States District Court on March 13, 1992 and pled guilty to both counts of the indictment. On May 22, 1992, United States District Court Judge Ernest C. Torres sentenced Pineda to forty-one months imprisonment, four years supervised release, and a $5634.40 fine. Pineda did not appeal the sentence.

On July 30, 2004, Pineda filed a Petition for Relief Under 28 U.S.C. §2255. In that petition, Pineda alleges that his defense counsel did not provide him with effective representation at the time of Pineda's change of plea and sentencing. The government has objected to the petition, seeking its dismissal and/or denial.

## III. ARGUMENT

Since April 24, 1996, 18 U.S.C. §2255 has required that a defendant bring any claims under the section within one year of

one of four events. That one year period of limitations begins to run from the date the defendant's conviction becomes final; the date that a government imposed impediment to such a motion is lifted; the date the right claimed was recognized by the Supreme Court; or, the date on which the defendant could have discovered, through the exercise of due diligence, the relevant facts of the claim.

Here, Pineda does not allege that the government impeded his ability to file nor does he attempt to rely on any newly discovered fact or recently recognized constitutional right. As a result, the one year statute should have begun to run from the date his conviction became final in 1992. Since the one year limitation was not added to the statute until 1996, Pineda would have benefitted from a judicially created grace period, which extended his filing deadline until April 24, 1997. Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001). However, Pineda failed to file his petition until July 2004, more than seven years after the grace period ended. Because the statute of limitations ran before Pineda filed, the Court must dismiss his petition.

Even if the Court does not dismiss the petition based upon Pineda's failure to file within the period of limitations, his claim still fails because he is not presently in custody. Section 2255 allows the Court to grant a defendant relief from a

federal sentence if, and only if, that defendant is a prisoner in custody pursuant to that sentence. If that sentence has fully expired at the time the defendant files a petition, the defendant may not seek relief pursuant to 18 U.S.C. §2255. Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996). That prohibition applies even if the defendant raises the possibility that the conviction may be used to enhance the sentence imposed for any subsequent crime. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540, ___ (1989). Similarly, a defendant's complaint that his conviction may result in deportation or some other collateral consequence does not alter the "in custody" analysis. Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992).

In this case, Pineda completed his jail term in 1996 and his supervised release in 2000, well before the filing of his petition for relief under 18 U.S.C. §2255. Since he was not in custody at the time of his filing, he is barred from seeking any relief under that statute. Therefore, the Court should dismiss Pineda's petition.

Assuming Pineda somehow convinces the Court that neither the statute of limitations nor the completion of his sentence requires dismissal of his petition, Pineda is still not entitled to the requested relief due to his failure to set forth a valid ineffective assistance claim. The United States Supreme Court

established a two-part test for evaluating such claims in the case of Strickland v. Washington, 466 U.S. 668, 687-688 (1984). In order to satisfy that test, a defendant must prove by a preponderance of the evidence both: 1) that his attorney's performance fell below an objective standard of reasonableness; and, 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990).

Here, Pineda alleges that his attorney suffered from some sort of mental illness and was suspended from the practice of law by Massachusetts and Rhode Island during the time he represented Pineda. Other than a general complaint about the quality of legal advice received from that a attorney, Pineda fails to set forth any facts demonstrating that the attorney's performance fell below an objective standard of reasonableness. Furthermore, Pineda's petition does not contain even a single reference to any prejudice resulting from his attorney's alleged deficient performance. This dearth of details adds up to a failure satisfy the Strickland test and/or establish a need for an evidentiary hearing. Therefor, the Court should summarily dismiss Pineda's petition. United States v. McGill, 11 F.3d 223 (1st Cir. 1993).

IV. CONCLUSION

For all of the reasons set forth above, the United States respectfully requests that this Honorable Court deny and dismiss Pineda's petition.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Stephen G. Dambruch
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2004, I mailed, postage prepaid, a copy of the within Government's Response to Edward C. Roy, Assistant Federal Defender, 10 Weybosset Street, Suite 300, Providence, Rhode Island 02903.