UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAFAEL PINEDA :

vs. : C.A. No. 04-330T

UNITED STATES OF AMERICA :

**PETITIONER'S RESPONSE TO GOVERNMENT'S RESPONSE TO PETITION**

In response to the Government's Response To Petitioner's Motion To Vacate His Conviction And Sentence Pursuant To 28 U.S.C. § 2255, the Petitioner submits the following:

The Government has voiced three objections to the Petitioner's 2255 Petition:

1. The petition is time-barred;

2. The petitioner is not in custody;

3. The petitioner cannot make out a claim for ineffective assistance of counsel.

**1. Is The Petitioner's Petition Time-Barred?**

28 U.S.C. § 2255 provides that a petition must be filed within one year of the "latest" of four possible "events":

a) entry of judgment of conviction; b) removal of a govermental impediment to filing of the petition; c) the date that the asserted right was first recognized by Supreme Court; and d) the date from which the underlying facts "could have been discovered through the exercise of due diligence".

28 U.S.C. § 2255

4

Since this petition is predicated upon the ineffectiveness of the petitioner's prior counsel, the fourth "event" must serve as the starting point for the one year limitation. The petitioner forwarded the facts to the undersigned who prepared a petition. The Court must conduct an evidentiary hearing to determine when and how the petitioner obtained these facts. Summary dismissal in the absence of such a hearing is clearly inappropriate.

In this case, it is expected that the evidence would show that the petitioner was not aware of the facts surrounding his trial counsel's ineffectiveness until he came back to the United States after being deported. Recently, the petitioner indicated to the undersigned that he first became aware of his counsel's disability in October of 2003. The instant petition was filed in August of 2004, some ten months later. During the term of his sentence, his incarceration and supervised release, the petitioner was unaware of his counsel's disabilities. If the petitioner were to testify in court, he would testify that he was deported from this country on November 9, 1994. Therefore, the petitioner could not have come into possession of information concerning his sentence during the time that he was serving the sentence. If, in fact, petitioner's counsel was ineffective so as to violate the Sixth Amendment, it is not fair to prevent the issue from being litigated where the petitioner is still suffering prejudice from that violation.

## II. <u>Custody</u>

The petitioner is still "encumbered" by what is claimed to be a violation of his rights under the 6th Amendment to the United States Constitution. Although the petitioner's sentence had expired and his period of supervised release had similarly been completed, the petitioner was effectively in custody because of the fact that his conviction triggered a deportation. His re-entry after deportation triggered a new charge for which he is serving a sentence. Another way of looking at this case is that but for the petitioner's conviction, he would not be in custody in the

illegal re-entry charge that prompted his learning of the malfeasance of his prior attorney. In this case, the attorney's disability was not known to either the petitioner or to the court that presided over his case. In other words, the fact that petitioner did not file a 2255 petition during the first year after his sentencing was based upon the fact that he was not aware of the disability that would have given him pause to question his attorney.

No court has yet confronted the situation presented by the facts of this case: where a defendant is made aware of facts describing a violation of his right to counsel after the completion of his sentence. Although the defendant is not serving his sentence, the fact that he is still "encumbered" by the results of the constitutional violation should allow the court to rule on the merits of this petition.

## III. Ineffective Assistance

The petitioner submits that in order for the Court to properly assess the claims made here based upon ineffective assistance of counsel, it is necessary to have an evidentiary hearing. If the Court would like a "proffer" of what the petitioner would testify to, counsel would offer that the petitioner has indicated that his decision to plead guilty was based upon his lawyer's advice and statements concerning a lack of a defense, that the petitioner did not know that narcotics were present in the car operated by the co-defendant. The defendant also would testify that the car where the drugs were seized had been in the custody of the co-defendant for several days.

## IV. Conclusion

For all of the reasons set forth herein, the petitioner prays that this Honorable Court deny the Government's request for dismissal and schedule an evidentiary hearing.

THE PETITIONER,
Rafael Pineda,
By his attorney,

EDWARD C. ROY, ESQUIRE
ASSISTANT FEDERAL DEFENDER
10 WEYBOSSET STREET, SUITE 300
PROVIDENCE, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I hand-delivered a copy of the within to Stephen Dambruch, AUSA on the ~~21st~~ 22nd day of October, 2004.

______________________________