UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAFAEL PINEDA

v. CA No. 04-330-T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior U.S. District Judge.

Rafael Pineda has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Pineda's motion is denied.

**Background Facts**

In March 1992, Pineda pled guilty in this Court to conspiring to possess cocaine with intent to distribute it and possessing cocaine with intent to distribute it, in violation of 21 U.S.C. § 141(a)(1), 841(b)(1)(C) and 846. On May 22, 1992, Pineda was sentenced to 41 months of imprisonment followed by 4 years of supervised release. Pineda did not appeal and was deported in November 1994 after completing his sentence of incarceration.

Sometime thereafter, Pineda unlawfully re-entered the United States, and in April 2003 he pled guilty, in New York state court, to first degree gang assault, for which he received a prison sentence of eight years. In 2003 Pineda also pled guilty in the United States District Court for the Southern District of New York

to illegally re-entering the United States after having previously been deported, in violation of 8 U.S.C. § 1326(a) and, on January 29, 2004, he was sentenced to 46 months imprisonment concurrent with the previously-imposed state sentence.

**The § 2255 Motion**

In his § 2255 motion, Pineda claims that he was deprived of his Sixth Amendment right to effective assistance of counsel.[1] That claim appears to be based on assertions that he was induced to plead guilty by counsel's assurance that he would receive a two-level reduction in his guideline offense level for acceptance of responsibility and that counsel was deficient in failing to move to suppress evidence of drugs found in the trunk of Pineda's vehicle.

**Analysis**

Pineda's § 2255 motion is barred because it is untimely and because he is no longer "in custody" for the 1992 conviction.

A. Timeliness

Under § 2255, there is a one-year statute of limitations for seeking relief from a conviction or sentence. See 28 U.S.C. § 2255 ¶6. Pineda claims that his motion is timely under paragraph 6(4), which provides that the one-year period begins to run on "the date

[1]This assertion is flatly contradicted by the record. During the plea colloquy, Pineda, under oath, told the court that his decision to plead guilty was not due to any promises made to him by anyone. Also, the plea agreement signed by Pineda recited that no other promises had been made to him. See Plea Agreement at ¶ 5.

on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Pineda claims that he did not learn of personal difficulties experienced by his counsel[2] until 2003 and that his petition is timely because it was filed within one year thereafter. Pineda does not explain what brought the matter to his attention other than to state that he learned about it in connection with his sentencing on the illegal re-entry conviction to which he pled in January of 2004.

Even if Pineda's assertion is accepted, and even assuming arguendo that Pineda's alleged failure to learn of his counsel's difficulties earlier was not attributable to any lack of due diligence on Pineda's part, Pineda's motion is untimely.

In order to prevail on an ineffective assistance claim, a defendant must point to a particular act or omission by counsel that falls below the standard of reasonableness. Here, the conduct upon which Pineda relies is counsel's alleged assurance that he would receive a two-level reduction for acceptance of responsibility and counsel's failure to move to suppress the evidence of drugs seized from Pineda's vehicle. However, that conduct was well known to Pineda in 1992 when it occurred. The

---

[2]During the time that he was representing Pineda, Pineda's attorney was experiencing personal difficulties that, later, caused him to be placed on inactive status by the Rhode Island Supreme Court.

fact that Pineda allegedly did not learn of counsel's personal difficulties until 2003 is irrelevant absent a demonstrable link between those difficulties and some identifiable deficiency in counsel's performance. Here, Pineda has failed to establish any such link.

B. The "In Custody" Requirement

Even if Pineda's motion were timely, it is barred by the fact that Pineda, no longer, is "in custody" for the 1992 conviction.

Under § 2255 a federal district court has jurisdiction to vacate or correct a defendant's sentence only if the defendant is "in custody" under that sentence. 28 U.S.C. § 2255, ¶ 1. A defendant is not "in custody" when the sentence imposed has expired. Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923 (1989) (per curiam). See D'Amario v. Lynch, 2006 WL 858089 at *3-4 (D.R.I. Feb. 22, 2006) (prisoner may not bring § 2254 habeas petition challenging state court convictions from which he was completely discharged).

Pineda argues that, even though the sentence imposed by this Court has been completed, he still is "in custody" because the conviction for illegal re-entry for which he, presently, is incarcerated would not have been imposed but for the sentence that he seeks to have vacated. That argument is not persuasive because Pineda cites no authority to support such a proposition and his argument runs counter not only to the case law previously cited but

also to the language of the statute. Section 2255 confers jurisdiction to entertain a challenge by a defendant who is "in custody under sentence of a court." It seems clear that the "court" referred to is the court that imposed the sentence under which the defendant is in custody. Here, Pineda is not in custody under any sentence imposed by this Court.

**Conclusion**

For all of the foregoing reasons, Pineda's § 2255 motion is denied.

IT IS SO ORDERED:

Ernest C. Torres
Ernest C. Torres
Sr. U.S. District Judge
Date: 2/16/07